## McPharlin v. McPharlin

*Donald P. Graham,* for plaintiff.
*Leslie B. Mathis,* for defendant.

KIESTER, *S.J.,* September 6, 1988—

### ISSUE

Does martial misconduct on the grounds of indignities to the person bar a dependent spouse's entitlement to support?

### FACTS

On February 17, 1988, Sharon Darlene McPharlin filed a complaint for support. On April 21, 1988, based on the findings and recommendation of the Domestic Relations Hearing Officer, the court entered an order that Robert M. McPharlin pay support for the wife in the amount of $900 a month, effective May 1, 1988. Robert M. McPharlin demanded a court hearing and filed exceptions, inter alia, claiming that defendant owed no obligation to support the wife.

The record further established that Robert M. McPharlin filed a complaint in divorce on February 3, 1988, on the ground of the "irretrievable breakdown of the marriage." Service of the complaint was made on Sharon D. McPharlin on February 10, 1988. On April 6, 1988, Robert M. McPharlin amended the complaint by adding to the grounds for divorce:

"(2) that the defendant has committed such indignities to the person of the plaintiff, the injured and innocent spouse, as to render his condition intolerable and life burdensome."

Attorney Graham who had entered an appearance for Sharon D. McPharlin, accepted service on the amended complaint on April 7, 1988. On April 8, 1988, Attorney Graham filed a praecipe and a rule was issued that plaintiff file a bill of particulars within 20 days. The record does not establish the service of this rule on either Robert M. McPharlin or his attorney. Nor does the record show further action on the divorce complaint other than the withdrawal of Attorney Criss as counsel for Robert M. McPharlin.

This judge heard testimony on August 9, 1988, relating to dependency but refused to receive evidence on the issue of entitlement pending receipt of legal authority by counsel on that issue. The court has received and considered the legal briefs submitted by counsel.

## DISCUSSION

Prior to enactment of the No-fault Divorce Act, there would have been one hearing on the issue of indignities that would have resolved both the right to support and the right to a divorce.

Under the new Divorce Act, indignities as a ground for divorce is no longer necessary and generally is not used. However, indignities continues as a valid ground for divorce. Indignities, when proved, constitutes marital misconduct. The spouse who commits indignities to the person of the other spouse making life burdensome and intolerable for

the injured and innocent spouse is not entitled to support. This remains the law.

In this case, counsel elected the support procedure rather than the alimony pendente lite procedure. Robert M. McPharlin and his witnesses have the right to be heard on the issue of indignities as it affects the duty of support. The hearing on August 9, 1988, was continued generally until counsel and the court could resolve the issue.

## ORDER OF COURT

And now, September 6, 1988, the hearing of August 9, 1988 will be resumed on October 13, 1988 at 10:00 a.m. when the court will receive evidence on the allegation of marital misconduct for the purpose of determining the issue of the "entitlement" of Sharon D. McPharlin to support.